**HODAPP, Plaintiff-Appellee, v. COLE, et., Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3931.   Decided February 14, 1947.

Hamilton & Kramer, Columbus, W. B. Bartels, Columbus, for plaintiff-appellee.

Richard W. Gordon, City Attorney, Baxter Evans, Senior

Asst. City Attorney, Robert E. Leach, Junior Asst. City Attorney, Columbus for defendants-appellants.

## OPINION

By THE COURT:

The appeal is on questions of law from a judgment of the Common Pleas Court restoring plaintiff to his position as a patrolman in the Division of the Police Department of Public Safety of the City of Columbus, Ohio.

The action was in mandamus and was grounded upon the claim that the plaintiff was discharged from his position as a police officer in the City of Columbus by a void proceeding in that the charge against him, the violation of Rule 44, adopted by the Director of Public Safety of the City of Columbus, Ohio, would not support the action taken. It was further asserted that the charge was not one provided by §486-17 GC nor by the provisions of the Civil Service Acts of the state of Ohio or the Charter of the City of Columbus, and further, that by reason of certain acts of defendants during plaintiff's hearing he was deprived of the opportunity of making a complete record of the proceedings before the defendant, Charles C. Cole, Director of Public Safety of the City of Columbus, and thereby denied an effective appeal to the courts; that by reason of all of which he has no adequate remedy at law.

The defendants in a joint answer set up chronologically the proceedings incident to the suspension of plaintiff, his hearing, a copy of Rule 44, his order of removal from the service and deny that the absence of the attorney for the plaintiff at the hearing before defendant, Director of Public Safety, prejudiced plaintiff's cause; aver that an appeal was taken from the findings and order of discharge of plaintiff to the Civil Service Commission of the City of Columbus, which finding was sustained and later appealed from this finding to the Court of Common Pleas of Franklin County, Ohio, and its subsequent dismissal by the plaintiff, and specifically denied all matters not admitted.

On the trial of the mandamus action, counsel introduced a

complete record of the testimony taken at the hearing of plaintiff before the Director of the Department of Public Safety of Columbus.

The trial judge in sustaining plaintiff's claim and ordering the writ of mandamus in his favor handed down a written opinion, the gist of which is that plaintiff by his acts did not violate Rule 44. However, the entry journalizing the decision is general in terms and it must be assumed was responsive to the issues properly joined upon the petition which was based upon the averment that the order discharging the plaintiff was void.

The parties are in substantial agreement as to the determinative facts. Plaintiff was, at the time of and four years prior to the arrest of one Claude Wesley, a member of the Columbus Police force. On the 26th of February, 1944, Wesley was picked up as a suspected violator of the federal regulation controlling stamps for gasoline. He was apprehended at a filling station and upon repairing to a toilet plaintiff was directed by an officer who was with him, Corporal Dowler, to accompany the prisoner. Whereupon the prisoner turned over to plaintiff a watch, a diamond ring, and $390.00 in money. The officers also took the prisoner's automobile, which was afterward delivered to his wife. The prisoner directed the plaintiff to turn over the articles of personal property which had been given to him to the prisoner's wife. Although the automobile was delivered to the wife, the plaintiff did not give her the other presonal property and several days later reported this fact to the prisoner with the statement that he was not sure of the identity of Mrs. Wesley and therefore did not turn the personal property over to her. The prisoner then instructed the plaintiff to keep it for him. The personal property was held for several weeks, and eventually the matter came to the attention of plaintiff's superior officers of the Police Department. An investigation was had and it was then learned what had occurred. Plaintiff at first denied to Inspector Scully that he had any money of the prisoner but afterward when accosted by him, admitted possession of all of the property and it was turned back to the prisoner. Plaintiff claimed that he held the effects to accommodate the prisoner upon the prospect that he would assist legal authorities in running down higher-up violators of the stamp regulation.

Four errors are assigned:

1. In not finding that plaintiff had a plain and adequate remedy in the ordinary course of the law.

2. That the finding that plaintiff had not violated a rule

of the Columbus Police Department was not a proper basis for the writ of mandamus.

3. That the finding that the rule had not been violated is contrary.to and against the manifest weight of the evidence.

4. That the trial court had no jurisdiction to grant a formity to the mandatory provisions of the General Code of writ of mandamus as plaintiff did not begin his action in con-Ohio.

We will not consider the errors assigned in detail nor in order but discuss the questions presented generally.

It is urged by appellee that at the time the cause was presented to the Common Pleas Judge the parties virtually presented an agreed case and that whether or not it conformed to the technical requirements necessary to support an order in mandamus it supported the finding made and defendants may not be heard in contradiction thereof in this Court. ·

If the claim of the appellee be conceded, which we cannot do, then the first question arising is, was the judgment supported by a proper finding that the defendant did not violate Rule 44?

This rule, in so far as germane to our question, reads:

"Each and every member of the Division of Police is ordered to promptly deliver to the Secretary of Police, through the Property Clerk on duty, any * * *, or other articles or thing of value, which has either been found, seized by or delivered to any member of the Division of Police, * * * or received from any citizen, which is * to be held * *, * for safekeeping, * * *."

Upon the conditions under which the plaintiff received the articles in question, in probability there would have been no violation of the rule had he observed his instructions from the owner. Upon the directions later given to him by the owner as to the disposal of the property he clearly placed it with him for safekeeping and for no other or different purpose. From this time his retention of the possession of this property was a direct and manifest violation of the letter and the spirit of the rule. So that, if the judgment is to be considered on this appeal as in the nature of an agreed case, then it was improper and must be reversed because unsupported by the evidence and contrary to law.

But it is urged that the charge against the plaintiff was not a predicate for his discharge from the service of the Police Department and that therefore the hearing and subsequent findings were void. If this is true then, without respect to the

guilt or innocence of plaintiff of the charge preferred against him, it would be a proper basis of the judgment which is under review. **Sec. 4382 GC** authorizes a Director of Public Safety to make all rules for the regulation and discipline of the Police and Fire Department except as otherwise provided in the chapter in which the section is found. Rule 44 was so promulgated.

If the offense with which the appellee was charged is in conformity with §486-17a GC, then a finding of its violation would support the action taken here. **State, ex rel. Ellis v Stewart, et al., 138 Oh St 122; State, ex rel. Daily v City of Toledo, 142 Oh St 143.** If such charge were properly asserted and the Director of Public Safety acted thereunder, he had jurisdiction to make the order and its correctness and validity could only be challenged by appropriate appeal to the Civil Service Commission and thereafter to the courts. This procedure was abandoned by the plaintiff after his first appeal to the Civil Service Commission. **Sec. 486-17a GC** provides, among other things, that:

"Any such officer, employee (in the classified service of the cities) may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office."

We do not have the formal charge against the plaintiff nor the formal finding of the Director of Public Safety. An examination of the testimony and statements of the Director at the time that it was taken indicates that there were other charges against the plaintiff than the violation of Rule 44 but apparently by the pleadings and briefs of counsel the charge was restricted to a violation of the rule, at least the finding to a determination that it had been violated. If so, then there is no specific charge against the plaintiff under any designated cause, as such, of §486-17a. If, however, the violation of Rule 44 may be classified under any one or more of the acts set out in §486-17a GC then such violation will meet the intendment of the statute. It is our judgment that the purposes of Rule 44 are so manifest and salutary in the proper administration of the Police Department that its violation may be characterized as neglect of duty or nonfeasance in office.

The plaintiff was accorded a hearing on a charge, the violation of Rule 44, and found to have violated that rule. Such

offense, in our judgment, conforms to the requirements of §486-17a GC and supported the action taken against him. State, ex rel. Klau v Barrett, 22 O. C. C. 104; State, ex rel. Savage v City of Cleveland, et al., 20 O. C. C. (N. S.) 250.

The proceedings had in connection with the charge against the plaintiff were regular and the Director of Public Safety had jurisdiction to hear and determine the cause and the order made was not void unless the action at the time of the hearing in taking testimony in the absence of counsel for the plaintiff had such an effect. We can not so find for several reasons: First, the taking of the testimony in the absence of plaintiff's counsel was not jurisdictional; second, it is not prejudicial in view of the testimony developed; third, the record does not support the conclusion that counsel for plaintiff was lulled into any sense of assurance that no further testimony would be taken in his absence. He merely stated, when attempt was made to reach him, that he cared to offer nothing further and made no inquiry to learn whether or not the hearing had been closed on the part of the City; fourth, No effort was made of record by counsel for plaintiff to assure his opportunity to cross-examine the witness, Dowler, or to offer any testimony in conflict therewith.

It would seem that such opportunity was open to counsel because it appears that the Director did not announce his decision at the conclusion of the hearing. Finally, the claim that by the action in taking the testimony of the witness, Dowler, in the absence of the plaintiff's attorney, plaintiff was precluded from making a record on appeal is not supported because manifestly such record was available. But even if the testimony had not been taken, the appeal from the decision on the original hearing contemplates a de novo hearing.

Counsel for the parties consider and discuss at length many other legal phases of this appeal. We do not discuss them because we do not consider that they are necessary nor vital to its determination.

Nor is it the province to consider circumstances which would extenuate or reduce the punishment to the plaintiff. If the plaintiff was properly found to be a violator of the rule in question, then the discretion as to his punishment was in the Director of Public Safety and any extenuation or mitigation must emanate from that source.

The judgment will be reversed and final judgment entered for defendants-appellants.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.